IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC - 2 2016

CLERK, U.S. DISTRICT COURT
by _____
Deputy

MARTIN NAVARRO,                    §
                                   §
            Movant,                §
                                   §
VS.                                §   NO. 4:16-CV-879-A
                                   §   (NO. 4:13-CR-100-A)
UNITED STATES OF AMERICA,          §
                                   §
            Respondent.            §

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for consideration the motion of Martin Navarro ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, and pertinent parts of the record in Case No. 4:13-CR-100-A, styled "United States of America v. Jaymie Lynn Sellers, et al.," the court has concluded that the motion should be denied.

I.

<u>Background</u>

Information contained in the record of the underlying criminal case discloses the following:

On June 19, 2013, movant was named along with seven others in an indictment charging conspiracy to possess with intent to distribute a controlled substance (50 grams or more of a mixture and substance containing a detectable amount of methamphetamine),

in violation of 21 U.S.C. § 846. CR Doc.[1] 69. Movant retained
Philip Ray ("trial attorney") to represent him. CR Doc. 54, 55.
On July 26, 2013, movant pleaded guilty. CR Doc. 98, 99, 325. He
signed a factual resume that recited the elements of the offense,
the stipulated facts that proved the elements of the offense, and
set forth the punishment movant faced. CR Doc. 99. At
rearraignment, movant testified under oath that he understood
what he was doing, that he had discussed the effects of his plea
with his attorney, that he was satisfied with his attorney, that
no promises had been made to him and that he had not been coerced
to plead guilty, that he understood the range of punishment he
faced and that the court in its sole discretion would impose that
punishment and that he could not withdraw his plea if he was
dissatisfied with the punishment. Movant testified that he
understood the factual resume and the legal meaning of everything
in it and that the facts stated therein were true. The court
determined that movant's plea was knowing and voluntary. CR Doc.
325. At one point, movant's attorney noted that movant had been
able to ask complicated questions, understood the attorney's
answers to the questions, and was able to answer questions the
attorney asked. CR Doc. 325 at 17.

---

[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying
criminal case, No. 4:13-CR-100-A.

Movant made a number of objections to the presentence investigation report. CR Doc. 239, 240. The court tentatively concluded that the objections were without merit and that movant might lose acceptance of responsibility. CR Doc. 180. Nevertheless, movant persisted in his objections and presented evidence as to his role in the offense. CR Doc. 276 at 25-41. As a result, the court sustained one of movant's objections and granted him acceptance of responsibility. Doc. 276 at 49-50. Movant's attorney argued for a below-guideline sentence, CR Doc. 276 at 64-67, and movant himself simply apologized for his participation in the conspiracy, id. at 67-68. The court varied downward and imposed a sentence of 360 months' imprisonment, which was ten years below the advisory guideline sentence of 480 months. Doc. 276 at 69-70.

Movant appealed, CR Doc. 252, and his appointed counsel filed an Anders brief after concluding that only frivolous claims were presented. Doc. 10 at 1-22. The court of appeals agreed. CR Doc. 354. United States v. Navarro, 607 F. App'x 439, 440 (5th Cir. 2015).

## II.

## Grounds of the Motion

Movant urges four grounds in support of his motion, worded as follows:

3

**GROUND ONE:** Counsel was ineffective for adviseding petitioner to pled guilty because his criminal history score of one point would prevent him from receiving a sentence of 15 yr

Doc.[2] 1 at 4.

**GROUND TWO:** Appellant counsel was ineffective for failing to raise the government's systematic application of maintaining a premise for drugs.

Doc. 1 at 5.

**GROUND THREE:** Counsel was ineffective for conceding a two-level enhancement pursuant to 3B1.1 after the Court found that petitioner was not a leader, manager, or supervisor.

Doc. 1 at 7.

**GROUND FOUR:** Counsel was ineffective for failing to raise Minor Role Reduction pursuant Amendment 794.

Doc. 1 at 8.

The motion is accompanied by a type-written brief and exhibits in support thereof. Doc. 1 at 13-45.

III.

Applicable Legal Principles

A.    28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S.

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action. The page number references are to the ECF page numbers.

152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991).  A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors.  <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors.  It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974); <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir. 1996).  Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." <u>Moore v. United States</u>, 598 F.2d 439, 441 (5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.    Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations

6

of deficient performance and prejudice is not sufficient to meet
the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5ᵗʰ
Cir. 2000).

## IV.

### Analysis

In his first ground, movant contends that he received
ineffective assistance of counsel because his trial attorney
advised him to plead guilty "because his criminal history score
of one point would prevent him from receiving a sentence of 15
yr." Doc. 1 at 5. He and his mother and sister say (in documents
attached to the motion that purport to be declarations, but are
each made "to the best of my knowledge") that movant's trial
attorney mentioned that movant was facing 7-11 years and maybe as
much as 15. Doc. 1 at 15-16, 37, 39, 43-44. Even if proper, such
evidence does not rise to the level required to allow movant to
refute his testimony at rearraignment. United States v.
Cervantes, 132 F.3d 1106, 1110 (5ᵗʰ Cir. 1998). As recited,
supra, movant testified in open court that he fully understood
what he was doing in pleading guilty, including that he faced a
term of imprisonment of up to forty years. Movant further
testified that he was satisfied with his trial attorney and that
no promises had been made to him nor had he been coerced to plead
guilty. And, he understood that the court could impose a sentence

more severe or less severe than the sentence called for by the guidelines. Movant's solemn declarations in open court are entitled to a strong presumption of verity. <u>United States v. Palmer</u>, 456 F.3d 484, 491 (5th Cir. 2006). The first ground is without merit.

In his second ground, movant urges that his appellate counsel was ineffective for failing to raise "the government's systemic application of maintaining a premise for drugs." Doc. 1 at 5. As best the court can tell from the memorandum in support of the motion, Doc. 1 at 19-24, movant appears to contend that he received an enhancement of two levels under 2D1.1(b)(12) of the guidelines solely because a small quantity of marijuana was found at the home where he resided. Testimony at the sentencing hearing showed that movant used the home to distribute the methamphetamine the subject of the indictment and the court so found. CR Doc. 276 at 31, 42-43. Appellate counsel cannot have been ineffective in failing to raise a frivolous issue. <u>United States v. Kimler</u>, 167 F.3d 889, 893 (5th Cir. 1999).

In his third ground, movant urges that his trial counsel was ineffective for conceding a two-level enhancement pursuant to USSG 3B1.1 after the court found that movant was not a leader, manager, or superviser. Doc. 1 at 7, 24-29. What actually happened, and what the record reflects, is that trial counsel

presented evidence at sentencing regarding movant's role in the
offense and the court determined that movant should only receive
a two-level, rather than a four-level, enhancement for his role
in the offense. CR Doc. 276 at 25-41. And, because the court
granted movant's objection in this regard, it also allowed movant
acceptance of responsibility. CR Doc. 276 at 43. This ground is
frivolous.

In his fourth ground, movant urges that appellate counsel
was ineffective for failing to amend her <u>Anders</u> brief to include
an argument that the Sentencing Commission had amended the
guidelines for minor role participant reduction pursuant to
Amendment 794. Doc. 1 at 8, 30-34. To be entitled to the
reduction, movant would have had to show that he was
substantially less culpable than other participants, <u>United Staes
v. Gomez-Valle</u>, 828 F.3d 324, 331 (5th Cir. 2016), which he could
not have done. In any event, Amendment 794 is not one that is to
be given retroactive application. USSG 1B1.10(d). This ground is
without merit.

In sum, there is no evidence that had his counsel done
anything differently, the outcome of movant's case would have
been any different. His complaints relative to his counsel lack
merit.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 29 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED December 2, 2016.

_____
JOHN McBRYDE
United States District Judge

10